First case called oral argument is in the matter of Avery S. Counsel, whenever you're ready, please proceed. Good morning. Good morning. May it please the court, counsel. I represent the Avery S. This is an appeal of a continuation of an involuntary commitment order. Since the entry of this district's decision, People v. Johnson, I'm not going to argue that this was basically a stipulated bench trial for involuntary commitment hearings. So I'm not going to argue that it's a waiver of hearing or apply that and do the same protections as a guilty plea. But basically, we're arguing because this is an application of the law, whether stipulated bench trials and whether they gave a proper waiver notice and whether the stipulation was correct. It's an application of law and should be reviewed de novo. Both parties, first, the initial issue of mootness, because there's really no decision on this issue of stipulated bench trials in civil cases. People v. Johnson was a post-NGRI commitment under 524 that applied the Mental Health Code. But there's been no decision on a purely civil commitment, whether a stipulated bench trial applies. So this should have an exception to the mootness issues. As you well know, a commitment deprives someone of their liberty interests. And so there should be some due process concerns. Even Johnson said that it still requires some due process evaluation. And basically, with regard to the stipulation, the issues here is whether the state still presented clear and convincing evidence, whether the due process right of cross-examination was followed, and the right to the less restrictive environment. What the state proved, the hospitalization was that. With regard to a commitment, a stipulated bench trial, and a purely civil commitment, and not post-NGRI determination, we would say that I'm not arguing that stipulations can't be entered, but I would say that the whole stipulation, the whole trial by stipulation, violates the spirit of the Mental Health Code. If everything stipulated to what's left for the trial court to do as far as bindings. I mean, they stipulated in reports there wasn't any other evidence offered by anyone. So I'm wondering what else the trial court's supposed to do. Oh, you mean in this case? Yeah. Well, the reports they stipulated to, there was problems with it. Basically, the stipulated report did not mention what was the least restrictive environment. So they didn't prove that element. Also, and basically, they used the old standard for commitment. So there's three problems for commitment. First was threatening behavior, deterioration of ability to function, and if you're released, you'll deteriorate more to threatening behavior. So your position is basically that counsel should argue the inferences and deficiencies, and not just submit a report that stipulated to it. Right. It should have been some adversarial. I mean, I didn't do it in effect of assistance of counsel, but there should have been some advocacy of this. And it's also because, you know, there's no provision in the mental health code for a full stipulated bench trial. And also ‑‑ In other words, do you think if they'd had one witness, then that would be okay? I think so. Some information, some outside information. But they're not actually stipulating that everything is. The results of the expert's report is what the court has to go with. It's just that the report is admitted for what's in it. Right. And they stipulated to that. They didn't stipulate it as correct, or even that the result was what they stipulated to. They just stipulated, let's get this into evidence. Otherwise, the expert's going to testify. But what would be the difference? I think the difference would be that the court can have an evaluation of whether the expert in the Francis Branti role. If the court read the report, what's the difference? Because the expert would have testified to assume exactly what's in the report. I think the difference between a full stipulated bench trial and a waiver of some evidence is ‑‑ I don't think there was a waiver of evidence. Was there? Well, I mean ‑‑ It would have been all in the report. What evidence was waived? Well, the least restrictive environment issue. But the judge could have seen that when reading the report. Right. And it wasn't raised. So you're not arguing that stipulated bench trial is the problem. You're arguing that not enough was in the report? I'm arguing both. I'm first arguing that stipulated bench trial contradicts the code. Because if you're agreeing to a stipulation bench trial, you're almost agreeing I should be committed. Because you're raising no defense to the action. And in the Mental Health Code, if you're agreeing to be committed, you should be a voluntary patient. And in the Mental Health Code, that's the purpose is to have someone to become voluntary. Where in ‑‑ because it's better therapeutically for the person to become a voluntary patient. So if you're saying I agree to this report, I stipulate to this report. Well, they didn't agree to what the report said. They just said the report can come in. Right. But there was no other evidence offered. Well, is there any other evidence in this case? Well, the first and third prongs weren't valid under Illinois law. And the second prong, which was unenable to meet basic needs, there was no determination whether ‑‑ In other words, you're disputing that the IQ in this case was 56. And the age was that the alleged age of the 15‑year‑old was, like, what, 6 point something or 5.9 or 11 months? I'm not disputing that. So that's correct. But under the Illinois law, you're not allowed to be committed for unable to meet basic needs if you're developmentally disabled. But that was in the report, wasn't it? That he wasn't able to take care of his basic needs and he'd stab himself and he would stab other people and do other things that was dangerous to himself and other people? But there was no evidence why he shouldn't become voluntary. Well, is there? So you allege that there is somebody out there that can testify that he should go someplace else or do something else? Well, that has to be proven in a less restrictive environment. But it also has to be proven, if you're agreeing to the report, agreeing not to have a hearing, basically, I mean, you have the hearing, you have a stipulated bench trial. You keep saying stipulated bench trial. I don't know, it's more or less they're stipulating that this evidence will be admitted for whatever it says. Right. That's where I have a problem. It doesn't say that the stipulation, you're saying more or less like a stipulated bench trial means an automatic commitment. That's not what they're stipulating to. They're stipulating to that these two reports from these two experts shall come in as evidence. And then they ask the defendant, do you have anything? He says, I have no evidence, Your Honor. The counsel for Avery S. said, I have no evidence. No defense. But if he agrees to that, then why shouldn't he become voluntary? Let me ask this. Stipulate the reports. No one's arguing with the reports. No one's attacking the credibility or the basis of the reports, okay? Are you able to say, whether you agree with it or not, I'm not asking you to agree, that there is evidence within the two reports taken as a whole by the trier of fact, which would be a reasonable basis for a finding that this person needed to have involuntary commitment? In this case, no. Why? What's the basis for not? Okay. Because the first and third basis was regarding threatened behavior and inability and deterioration of function put someone else at risk. They weren't using the current standard, and those standards were determined unconstitutional. So the standard that they did find that is constitutional, deterioration of ability to function, it's unclear whether it was because of his developmental disabilities or because of his mental illness. And under Illinois law, you can't commit someone, if you're developmentally disabled, for inability to take care of your basic needs for the activities of daily living. And the second part is they weren't clear why was Chester the least restrictive alternative. You know, they didn't address that part. So that's why I would argue that the reports that they stipulated to don't cover all that basis. And this is probably because it's even the state in their response said, well, because he has developmental disabilities, he can't take care of his basic needs. Well, under Illinois law, that's not the basis for an involuntary commitment. So those are the two areas. And also I think there should be basically, you know, for a waiver, it has to be a knowing involuntary waiver. He did agree to the stipulation, but there was no disclosure to him that if you agreed to the stipulation and raise no further evidence, you're going to be committed, and this is the period of commitment. So we would argue that it's really the disclosure. He wasn't informed of the consequences of agreeing to that. Under the Mental Health Code, you can do an agreed order for outpatient commitment, but in that they have to be disclosed that they agree and know what the consequences of that order is. So we have a mentally incompetent person with a grade level of 6, right, in this circumstance, that we allow to waive something. I'm for it. Trust me. I'm not against it. This is just absurd to me. Yeah. I mean, I think, you know, I'm troubled by this case because, you know, how Randolph County is. They waived the hearings. They're getting better. What? They're getting better. They're getting better. But, you know, with the stipulated bench here, I think it's a way to run around this without disclosing to the person what will happen, the consequences, you know. Are you saying, okay, you're representing one of these individuals. You're representing Avery. Explain, these are the reports. You can put the doctors on the stand, but we're not going to make it down. You should stipulate, get them in. Are you saying that the lawyer representing Avery or someone in Avery's position did not say, here's what's likely to happen, what's your evidence? We don't have any more evidence. Here is the probable outcome. You're basically saying the reports didn't say you have to go in involuntarily, but I mean the function of any competent lawyer is to go above and beyond the reports to explain the consequences, the probable inferences to be drawn and conclusions to be made on the basis of the reports. Are you saying that that didn't happen? Is there anything in the record indicating that it didn't? No, there's really not much on the record. It just said, do you agree to these reports? If I represent Avery S. in this position and he agreed to the entry of the reports, I would advocate for him to become a voluntary patient. You can be under guardianship and still be a voluntary patient. I think there's one case in Florida where he couldn't even put an X, and that was agreed to be voluntary. In this case, I think under the print, I would have been less troubled in this case if there was some inquiry why he shouldn't be voluntary at this time. I'm not banning stipulations. I understand they play their role. But in this case, why wasn't he offered the voluntary? Because it is the statute's purpose is to encourage voluntary. Does it play? Avery was present at the hearing. Right. Does it play any role that the trial or fact the judge in this case saw and listened to him? We see multiple opinions and orders that the trial judge is in a better position to look at the demeanor, listen, consider the individual than we are and all three of us have been trial judges. What about the weight of Judge Brown being in the position of the trial judge being in the courtroom with this individual and being in a position to determine something about it? I can understand that. But I think someone should have, because he was slower, I think there should have been an extra duty to make sure, do you understand by entering this order you will be committed or by stipulating to these reports and no further evidence you will be committed? That's only assuming that the trial court goes along with the report and reads the report and believes what he says in the report. It's a cart before the horse thing. Right. If you don't let the report in, you have a 15-year-old out there. If you let the report in, you might have a 6-year-old in front of you. So what do you do? Do you ask the question about commitment, voluntary, involuntary, before you read the report? Or does the judge that apparently in this case has read the report, understands what's in it and knows what he's dealing with, a 6-year-old basically, as opposed to a 15-year-old? Right. So I don't know, is it when you get the report in or not? Right. I mean, I think the judge had some concerns because he confirmed with the person directly, do you agree with this? And I think there just should have been that extra step. You know, the trouble is the mental health code doesn't really address this situation. Right. But if you look at the code, it's for more information to the person, not less. So if you inform him you will be hospitalized if you agree to this, do you still agree? Then we get back to the question. Defense has no witnesses to put on. Well, the defense could have, I guess, questioned the social worker. We got the same answer. Right. But then the defense could have said or advocated for the client to become voluntary. But you're talking to a 6-year-old. Right. But under the law, a 6-year-old can still say. Make up their mind if they want to be voluntary. They wouldn't even know what they mean. Well, they could have said, do you want to be here or not? You know, I mean, you could put it very simply, you know. I know this is troublesome because the facts are so, you know, there's two issues whether the court should inform the person of the consequences of bringing to the stipulation. If the court informed this individual of the consequences of a stipulation, wouldn't, in effect, that be turning into a guilty plea? Here they're saying we stipulate to this evidence that we're handing it to the court to make a determination. There's a qualitative difference there, isn't there? Yeah, I mean, I'm not an expert on the guilty plea stipulation, but there is a difference. It just, I don't know how to say it, but it just doesn't smell right, you know. I mean, why not offer the voluntary? That's legitimate. That's fine. You know, and Randolph, you know, like this was their, you know, because it was the court decisions not to permit the waiver, they're trying to do this. I don't have any proof of this, but you can kind of see this. And, you know, I understand the issue of traditional economy and everything, but I think, first of all, the stipulation should have covered all the bases and should have been on the correct issues of the statute where he was committed to. You know, there's the troubling part of the stipulation itself. But also I think there should have been more notice to him. And I would think maybe this case is different because he was of a lower IQ, but if it was a normal person, this was not normal, you know, a person not suffering developmental disabilities and had this occur, you know, the judge should have informed him of the consequences, you know, or there should have been something on the record. I don't think he had. But under Illinois law, you're presumed to be competent to make the decisions, even if you're under a guardianship. There's a presumption of competency. So I know this is not an easy issue here, but it just, something doesn't smell right on this case. And, you know, and they're just, I hate to disparage, but I think they're just trying to run around a full theory in this situation. Thank you, counsel. Your Honors, counsel. We need to back off and look at this in a little different light. We have a respondent who has a functioning age of about six. He is not mentally competent. He has a guardian. So he can't be admonished about matters because he doesn't have the capacity to understand admonishments. Now, the code, the Mental Health and Developmental Disabilities Code, takes into account persons in this status. For instance, if this particular respondent had wanted to waive counsel, he wouldn't have been permitted to do so because he doesn't have the capacity to do so. So then that leaves him under 3-805. The court would not have permitted him to waive counsel because he doesn't have the capacity to do so. So that leaves him with counsel. Counsel is there to protect his rights, his due process rights, et cetera. Now, the salient point is the respondent does not claim that counsel was ineffective for stipulating to these two courts. That's one. So counsel, as a matter, and this is settled in Johnson, counsel, as a matter in a mental health case, has the right and the duty as a matter of strategy and tactics to decide whether to stipulate or not. A respondent in a mental health proceeding is not the same as a defendant in a criminal proceeding. A respondent can be called as an adverse witness, for example, and there is no Fifth Amendment right against self-incrimination. A respondent does not have a Sixth Amendment right for confrontation because that's confined to criminal cases only. What the respondent has is a due process right under the 14th Amendment, and that's true. He has due process rights. Did he get due process under the code in this case, and was the stipulation itself sufficient to support the court's order finding him subject to involuntary commitment and ordering his hospitalization? Those are really the two issues before the court. This court's already decided in Johnson that as a matter of strategy and tactics under the Mental Health Code, counsel may stipulate. This court has already decided that was in Johnson. In Michael H., this court, though, decided that basically there is no functional equivalent to a guilty plea in an involuntary proceeding. In other words, counsel cannot waive an entire hearing and simply consent to an involuntary commitment. In that case, then, a respondent has to be given admonishments about a voluntary commitment. So in this case, could the respondent have understood admonishments about voluntary commitment? No. He is incompetent. He has a guardian. So giving him a chance to decide whether he wants to be admitted voluntarily, it wouldn't happen. So that's a non-issue as well. It's a red herring in this particular case. Now, counsel has not claimed that counsel was ineffective for stipulating to these reports. And so did the respondent have due process? Well, yes, he did. He had a hearing at which the state was held to its burden of proof. The judge could not have involuntarily committed him without finding certain facts, and the court did. So the state was held to its burden of proof. There was a hearing at which evidence was taken. The stipulation is to evidence. There was evidence presented. So to this point, we have no due process violation, and we have no claim that counsel was ineffective. So where is the due process violation? Johnson says that counsel may stipulate under 3-807, and there doesn't have to be admonishments of the respondent beforehand. That is up to counsel as a matter of strategy and tactics. And by so doing, according to Johnson, the due process right to confrontation, and we're not talking about Clinton and Sixth Amendment. We're talking about a 14th Amendment due process right that by stipulating, counsel thereby waives the confrontation right under the due process clause. So where is the problem? Where is the due process problem? There's no need for admonishments. You don't have to have the respondent consent on the record to it. Now, in this case, though, counsel comes before the court, and he says that he has reviewed the reports with the respondent and that he's prepared to enter into stipulation to those reports of Holt and Casey. The court then personally addressed the respondent, even though he doesn't have the capacity. Nonetheless, the court did. He says, did you hear and understand what your attorney said to the court? And the respondent replies yes, and he also agrees on the record that the court should consider these reports as evidence, just as if the two doctors had come in and testified. Now, how much does that count? I don't know. The respondent is not competent. But then again, under Johnson, this kind of admonishment is not necessary. And again, the respondent does not claim counsel was ineffective for stipulating. So up to this point, there's no due process violation. Was the stipulation to the evidence? Could the court consider it? And the court did consider it. I mean, of course the reports aren't read into the record, but they're admitted into evidence, and there are two written reports, and the court does consider it just as if they had come and testified, which is exactly proper. So he has a long history. Both doctors agreed that he had schizoaffective disorder, that he had a long history of mental illness. Both doctors based their findings, their report, on direct observations of the respondent, and that qualifies as clear and convincing evidence when it is based on a direct observation of the respondent. Both doctors talked about his hallucinatory commands and his auditory commands and the fact that he obeyed them. They discussed his, and I'm basically combining both of the reports because the court needed both of these reports to base his findings on. He has a mental age of 6 years and 11 months. He can't function. He can't take care of his daily activities without prompting. He's unable to care for himself. At the time that Dr. Casey examined him, he was in restraints because he had been convinced that he was a karate expert and had been kicking the staff or kicking at the staff. He has unpredictable aggressive episodes. He has set fires in the past. He's stabbed himself. He's tried to hang himself. He's tried to electrocute himself. He stabbed another person in 2009. He's physically aggressive. He's caused multiple staff injuries. He has type 2 diabetes on top of that. So, you know, at 6 years, he can't take care of his own personal needs. He's complicated by his health condition. So the report also said, Casey's, I believe, that he needs the structure that Chester Mental Health Center can provide and that he has nowhere else to go. And the court's order found that the least restrictive environment currently available was hospitalization, inpatient hospitalization. All these things were sufficient to support the court's order. So wherein is the due process violation? The state was held to its burden of proof. The respondent was incompetent, and he was represented by counsel, and they don't claim that counsel was ineffective. And the statute allows the waiver of in-court testimony, and this court has found that it permits the counsel to waive the due process confrontation rights and as well permits counsel to stipulate to the evidence. So although, you know, it would seem uncomfortable that all the evidence that was presented was presented by way of stipulation, nonetheless, there has been no due process violation because the state was held to their burden of proof, because evidence was presented, because there was a hearing, because he was represented by counsel, because he doesn't claim counsel was ineffective. For all those reasons, there's been no due process violation, and this court should affirm the court's order below. Is there any questions? I don't believe there are. Thank you, counsel. Counsel? Just a couple points, Your Honors. The issue with Johnson made it very clear that it affirmed the use of the stipulations because in the 524 commitment hearings, it wasn't the option of a voluntary admission. And therefore, it said that in those cases, the stipulated bench trials were in conformity with the mental health code because the person didn't have the right to become a voluntary, where in this case, he had the right to become a voluntary. Furthermore, basically, as I stated before, the stipulation itself, and even the respondents in the state's response, they mentioned his mental retardation, his inability to take care of his basic needs. So I think, and also they didn't prove by clear and convincing evidence, there was nothing directly said that other options were not, that Chester was the least restrictive alternative for him, and that's a key element prior to involuntary commitment. Also, I just want to make a, on page six of my reply, I put section 53607 instead of 54607, so I made a typo, so I just want to clarify that for the court. And I think in these cases, because he is developmentally disabled, I think the court should take a stronger stand in guaranteeing that the client is not, you know, the parensis parenti role is even stronger for the trial court to ensure the safe and effective treatment for him, to make sure that, you know, to really even take a parental role and make sure that this is the most safe and adequate treatment for this party. So, any questions? I don't believe we do. Thank you. We appreciate the briefs and arguments of counsel. The state pays $105,000.